IN THE UNITED STATE DISTRICT COURT
SOUTHERN FLORIDA

FILED BY ⌐⌐⌐⌐ D.C.

APR 0 4 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**HOMES FOR VETERANS**
**INGRID PRINCE**

**Plaintiff,**                                        **$150,000.00**
**vs.**                                               **Jury Demand**

**THOUSAND TRAILS**
**SUNSHINE HOLIDAY RV RESORT**

### VERIFIED AMENDED  COMPLAINT

COMES NOW Plaintiffs, , to file this lawsuit against Defendants, Thousand
Trails, Inc. and Equity Lifestyles Properties and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1 Plaintiff, HOMES FOR VETERANS is a foreign Wyoming  corporation and at
all relevant times is the owner of the RV involved in this case..

2. Defendant, Thousand Trails, Inc. (the "Thousand Trails' '), is a foreign
corporation of Mississippi Thousand Trails is incorporated  is located at 2325
Highway 90 Gautier, MS, 39553-5231 United

4. Plaintiff Ingrid Prince is a resident of Tennessee

5. Defendant Sunshine holiday is a foregn delaware corporation

This is an action for damages in excess of $75,000.00 exclusive of interest,
attorney's fees, and costs.

5. Jurisdiction is proper pursuant to diversity jurisdiction 28 USC 1446d

1

6. Venue is proper in Broward County pursuant to Section 47.051, Fla. Stat., because: (1)  all acts giving rise to this action occurred in Broward County.

7. All conditions precedent to the filing of this action have been performed, have been waived, or have otherwise occurred.

8. The Ingrid Prince has retained the law firm of Bo Micheal   to represent her in some matters relating  it in this civil action and, accordingly, the IngriD Prince is obligated to pay Bo Micheal reasonable attorney's fees and costs for its services in this civil action

## GENERAL ALLEGATIONS
## FACTUAL BACKGROUND

Plaintiff Ingrid Prince purchased a thousand trails membership agreement. Pursuant to the Thousand trails membership agreement the plaintiff purchased the right to unlimited access to all the rv parks belonging to thousand trail and ifs affiliates including but not limited to sunshine rve resorts.

Plaintiff Prince paid for an entire year of unlimited access to the thousand trails up front and owed no balance  .  Plaintiffs paid for unlimited use to the parks starting September 3 2021 until September 3 2022

After the plaintiff paid defendants for a year to use their RV parks, defendants set plaintiffs up and thousand trails accounts .

The thousand trails scout is the only way to book the reservations for the use of the rv parks that the plaintiff paid for in advance

After the plaintiffs paid for her  thousand trails membership she expected a copy of the executed agreement .  the defendants would not give her a copy The sale was done over the phone.  Plaintiff signed online and the plaintiff was promised to receive a copy immediately after endorsement.  This did not happen

Defendants thousand trails made all kind of excuses for not tendering to plaintiff a copy of the  thousand trail membership which gave her rights to use the rv parks for a year

2

Plaintiff made several complaints and demands  and then a
 a retaliatory violation was put on the rv while she was in another state
falsely accusing her of multiple false allegations.

The plaintiff had to hire an attorney to force defendant thousand trails to
give her a copy of her thousand trails contract which she purchased for use
of the parks for a year.

Defendants thousand trails retalilated and unilaterally attempted to cancel
the contract with plaintiff for one year use of the rv parks  which is breach of
the agreement

Next the defendants locked the plaintiff out of her account that was required
to give her access to make future reservations to be in the rv parks although
they were fully paid thru September 2022

Defendants next called the police and deliberately and intentionally told
them that the plaintiff had no right to be at the park and that they canceled
her membership agreement. All of which was a breach of the agreement

As a direct and proximate result of the illegal lockout of plaintiff thousand
trails account she was not able to book stays in the park that she paid for

As a direct proximate result of the illegal lockout of the account was and
locked out of the rv parks in which plaintiff paid for r=thue o yaar.

The defendants began to harass the plaintiff and try to tow the rv away
citing that she had no reservations knowing full well that they had locked her
out of the account for the sole purpose of ridding themselves of her .

The plaintiff filed for a tro to stop them from trying to tow the rv everytime
she left and while she was inside

The plaintiff could not work for fear that when she returned they would use
self help to illegally tow the r.

The defendants have caused the very violation that they complained of

They illegally locke the plaintiff out of her account to prevent her from making reservations to the park pursuant to the membership contract Defendants then make a false claim that the plaintiff has no reservation to be there.

Next he defendant filed a forcible detainer action slandering and defamation the plaintiff claiming that she has no rights to be in the park and that they want her removed.

Defendants have been paid in full by the plaintiff for the use of the park for one year ending in september 2022 and entered a valid agreement for use of the park during this time.

Plaintiff has purchased the right to use the park and her time has not expired.   Defendants are now intentionally attempting to turn their breach of contract into a detainer action which the paid contract on its face defeats. The plaintiff come now to redress the intentional fraud and egregious breach of contract and retaliation

In order to gain access to the rv parks defendants gave plaintiff account in which she book hers stays using her membership
The only way to get access and make future reservation was through the account

9. There are two separate annual memberships involved. They were purchased on different dates.  separately owned, separately paid for with two separate membership numbers/ they are not jointly owned or used in any way.

**MEMBERSHIP CONTRACT NUMBER I  INGRID PRINCE**

 On or about September 9, 2021, Thousand Trails , Encore  and Plaintiff Prince  executed an annual Membership Agreement with plaintiff,   for use of their RV parks  from September 9, 2021 until September 9, 2022.

10 .  On or about September 9, 2021 upon execution Plaintiff Prince, paid Defendants  in full, for the annual Membership.  After the plaintiff paid the membership in full she was given the thousand trail Pass membership Number 290993141

Pursuant to this same  agreement the Plaintiffs purchased access to the Defendants Thousand Trails and its affiliates campgrounds for a period of one year beginning on or about September 3, 2021 and ending on September 3, 2022.

The Agreement is a valid and legally binding contract between the Ingrid Prince and the Thousand Trails.

## THOUSAND TRAILS MEMBERSHIP BENEFITS

Pursuant to the Thousand Trails Membership Agreement the plaintiff paid for the following benefits

A.  That the plaintiff would have access to the parks for one year
B.  That the plaintiff would be allowed to go on the members website and book their park stays at 60 days in advance  while non member could only book up to 30 days at a time  Plaintiff paid for this benefit because she could book ahead of others by a month
C. Premium sites would cost plaintiffs 20 per night .   For purposes of this complainant  there are no premium sites in Fort Lauderdale and plaintiffs did not have any.
D. Plaintiffs would have access to the Thousand Trails Platform at all times to access their memberships benefits most importantly to reserve stays at the parks
E. That the plaintiffs would be allowed to use their membership pass 14 days consecutive with a seven day break before using their membership pass again.
F. That during the 14 days in which plaintiffs used their membership they incurred no nightly fees. The cost was prepaid and  included in the membership
G.

**DEFENDANTS REFUSED TO  TENDER PLAINTIFFS SIGNED C**
**AGREEMENT**S

The contract were purchased over the phone but signed online
During the sales pitch The plaintiffs were assured that they would get copies
of their membershipAgreements immediately after signing them online.

After the plaintiff paid for and signed the thousand trails agreement. They
attempted to download the same.  They were prohibited from downloading
them and advised that the thousand trails would have to provide them with
copies.

The plaintiffs requested the copies over and over again via phone. Thousand
trails kept telling them that they would send it in three


 to five business days by regular mail .
They never sent the agreements by regular mail and constantly said that
they would resend it and that they were sorry for their co-workers not
following through.

The plaintiff protested because they were told at the time of the sale that
they would be given the contracts right after they signed them online and
questioned why they couldn't be emailed to them while they were on the
phone and  it now had to be only by regular mail.

   After two months of not receiving their copies of the contract the plaintiffs
hired Attorney Bo Micheals to force Defendants to tender them a copy of the
contract.



COUNT I


MATERIAL **BREACH OF AGREEMENT  THOUSAND TRAILS**
**iLLEGAL LOCK OUT  OF PLAINTIFF PRINCE OF MEMBERSHIP**
**ACCOUNT**

In material breach of the Agreement Defendant  locked the plaintiffs out of their membership account on or around November 5, 2021

The illegal lockout blocked the plaintiff from booking reservations for the stays she contracted and prepaid for
 The direct and proximate result of defendant's breach of agreement by locking the plaintiff out of ehr account she was prohibited from accessing the rv parks she had interest in because she paid for one year in advance from /september 3, 2021 until september 3 2022

The membership account is where plaintiffs  contracted with defendants  to make reservations for her stays 60 days in advance at the Rv parks

The defendants locked the plaintiffs out of their account in violation of the agreement without any legal justification

The plaintiffs contacted them and the plaintiffs attorney  contacted hem

At their phone numbers and at the emails listed on their website.   Plaintiff also sent certified letter to  them

The reason the plaintiffs do not have reservations past the December date is a direct and proximate result of the defendants lockout of their account in which they make and set up their stays with their membership at the park

For instance today is January 4, 2021 the plaintiffs would have been able to book out to March 4, 2022  their parking spot  but for the breach of contract by defendants

As a direct and proximate result of defendants illegal lockout of plaintiffs membership account the plaintiffs have been stuck in one place in limbo.

The plaintiffs relied on the use of the membership to the defendants rv parks for one year

As a direct and proximate result of the defendant's breach of agreement the plaintiffs were denied all other benefits they contracted for in the Agreement.

18. The Thousand Trails was and is contractually obligated to make payments pursuant to Paragraph 5 of the Agreement.
19. The Thousand Trails has materially breached the Agreement by failing to make payments in the amount of     to the Ingrid Prince.

20. As a direct result of the Thousand Trails's material breach of the Agreement, the Ingrid Prince has no adequate remedy .

WHEREFORE, the Ingrid Prince respectfully requests that this Court enter judgment in favor of the Ingrid Prince and against the Thousand Trails in the amount of $50000.00
That the lockout breached the agreement'
That the lockout interfered with plaintiffs  prepaid interest and used o the the parks
Judgment for illegal lockout e and  against the Thousand Trails, requirement to give plaintiff access to her account including reasonable attorney's fees, costs, and prejudgment interest.


–                        BREACH OF CONTRACT (Thousand Trails)

Approximated by one month after defendants sold plaintiffs he first membership they offered her a reward for finding another person to buy the membership
T

The plaintiff gave them laurence kimbrough name and boruth the membership for him

The plaintiffs gave them all the correct information and about that they needed

Defendants issued a  thousand trails membership to lawrence kimbrough a
The  membership was bought by the plaintiff in a separate and not joining membership.

The membership gave the same benefit to larance kimbrough as it did the plaintiff Prince

Approximately three weeks after the defendant sold plaintiff  Kimbrough his membership number w they wrote plaintiffs up a violation and said that they could not have them after they collected the money and did not give copies of the agreement

Defendants locked out plaintiff kimbrough out of his  membership account on November 5, 2021 in breach of the agreement

As a direct and proximate result of definite lockout plaintiffs have been unable to book their contracted stays since November 5, 2021

Defendant conduct in the lockout is a material breach of the agreement between plaintiff and defendant

Plaintiff relied on the contract to utilize the rv park to live for the one year duration of the contract

Wherefor plaintiff seeks   judgment against defendant in the amount of $50000; contract fully enforced, punitive damages i

Plaintiff is entitled to compensatory and punitive

violations of FDUTPA's broad proscription in §501.204(1).   Deceptive Trade Practices

On or about October 2021 Thousand Trails offered  plaintiff Prince a reward for bringing in another member.
Plaintiff gave thousand trails la nrance Kimbrough name address and phone which is the same as plaintiff Ingrid Prince

## COUNT VI

### VIOLATIONS OF CHAPTER 2-18, FLORIDA ADMINISTRATIVE CODE VIOLATIONS OF CHAPTER 501, PART II, FLORIDA STATUTES DECEPTIVE AND UNFAIR TRADE PRACTICES (DEFENDANT THOUSAND TRAILS)

The Plaintiff realleges and incorporates herein by reference paragraphs 1 through 36, 57 through 62, and 67 through 72 and all exhibits referred to as if fully set forth herein.

The defendants failure to to tender a copy of the agreement to the plaintiffs which forced the plaintiffs to have to file this lawsuit violated the florida deceptive practices act

Failure to give consumers copies of the contract in which they sign is a breach of contract

Failure to give consumers a copy of the contract is a violation of florida unfair and deceptive practice act

88. Beginning at an exact date unknown to the Plaintiffs, but at least since they bought their membership prior to the filing of this lawsuit and continuing to the present,Thousand Trails in the course engaging in the business of selling campground memberships, violated **Chapter 2- 18, Florida Administrative Code.**

### Chapter 2-18.002(2)

**Chapter 2-18.002(2)** : It shall be an unfair or deceptive act or practice for the seller of future consumer services to fail to furnish the buyer with a fully completed copy of any contract pertaining to such sale at the time of its execution, and which shows the date of the transaction and contains the name and address of the seller, and in immediate proximity to the space

reserved in the contract for the signature of the buyer or on the front page of the receipt if a contract is not used, and in bold-face type of a size of 10 points the following:

 CONSUMER'S RIGHT OF CANCELLATION YOU MAY CANCEL THIS CONTRACT WITHOUT ANY PENALTY OR OBLIGATION WITHIN 3 BUSINESS DAYS FROM THE ABOVE DATE, AND RECEIVE A FULL REFUND OF ALL PAYMENTS MADE TO THE SELLER. YOU MAY ALSO CANCEL THIS CONTRACT IF UPON A DOCTOR'S ORDER YOU CANNOT PHYSICALLY RECEIVE THE SERVICES, OR YOU MAY CANCEL THE CONTRACT IF THE SERVICES CEASE TO BE OFFERED ASPlaintiffsD IN THE CONTRACT. IF YOU CANCEL THE CONTRACT FOR EITHER OF THESE REASONS, THE SELLER, (NAME OF SELLER), MAY KEEP ONLY A PORTION OF THE CONTRACT PRICE EQUAL TO A PRO RATA PORTION OF THE TOTAL PRICE

REPRESENTING THE PROPORTION OF SERVICES YOU USED OR COMPLETED, PLUS THE COST TO THE SELLER OF ANY RELATED GOODS WHICH YOU HAVE CONSUMED OR RETAINED.

**89. Chapter 2-18.002(1)** defines a "contract for future consumer services as, "…any contract which includes a provision for consumer services to be rendered in the future on a continuing basis."

90. Defendant Thousand Trails's services to the Plaintiffs  are offered in the future and on a continuing basis. Thousand Trails's contracts not only fail to contain language as required pursuant to **Chapter 2-18, Florida Administrative Code**, butThousand Trails intentionally avoids giving the plaintiffs copies of their contracts  period and the mandatory cancellation clauses within 3 day cancellation of contract date.

91. **Chapter 2-18, Florida Administrative Code,**Plaintiffss that a violation of Florida's Deceptive and Unfair Trade Practices Act may be based on a violation of any law which proscribes a deceptive act or practice.

92. By violating Chapter 2-18, Florida Administrative Code, Thousand Trails has engaged in deceptive and unfair trade practices in violation of **Section 501.204, Florida Statutes.**

11

93.Thousand Trails knew or should have known that the methods, acts or practices alleged herein were deceptive or unfair.

94. UnlessThousand Trails is permanently enjoined from engaging further in the acts and practices alleged herein, continued activities of  Thousand Trails will result in irreparable injury to the plaintiff, in violation of **Chapter 2-18, Florida Administrative Code**

## .PRAYER FOR RELIEF

WHEREFORE, Plaintiff,Plaintiffs of Florida,  , respectfully requests that this Court:

 A. Permanently enjoin the Defendants from violating Chapter 501, Part II, Florida Statutes, and engaging in conduct in violation thereof;
B. Temporarily and permanently enjoin the Defendants from violating **Sections 812.014, and 812.035, Florida Statutes**;

C. Temporarily and permanently enjoin the Defendants from violating da Statutes, and conducting any marketing practices in violation thereof;

D. Temporarily and permanently enjoin the Defendants from violating Section 817.034, Florida Statutes, and conducting any marketing, advertisements or other practices considered as part of the scheme to defraud consumers in violation thereof;

 E. Assess d against Defendant Thousand Trails, in the amount of $10,000 for each violation of Chapter 501, Part II, Florida Statutes, pursuant to Section 501.2075, Florida Statutes,

F. Assess  Plaintiffs against Defendant, individually, in the amount of $10,000 for each violation of Chapter 501, Part II, Florida Statutes, pursuant to Section 501.2075, Florida Statutes, and $15,000 f

 G. Award the  Plaintiffs attorneys fees and costs pursuant to the provisions of Chapter 501, Part II, Florida Statutes, and as otherwise may be allowable by applicable statutes;

H.; I. Award such other relief as the interests of justice shall require and that this Honorable Court may deem just and proper;

Punitive damages in the amount of $50,000.

## COUNT  **DEFENDANT'S  THOUSAND TRAILS NEGLIGENT ISSUANCE OF VIOLATION NOTICE THAT DID NOT COMPLY  FLORIDA STATUTES**

Defendant's negligently  failed to provide plaintiffs with  adequate notice and opportunity to cure alleged violation before suspending or  terminating their membership agreement;
The plaintiffs vehemently deny they were in violation of any rule they contend that even if they were the defendants were required to give them notice of the violation of the agreement  and an opportunity to cure the breach violation of the membership agreement.

Defendant's violation notice attached falls short florida breach of violation notices e requirements .  the notice fails to adequately apprise the plaintiffs of what their violation was and an opportunity to cure said violation of said membership agreement.

The notice is completely void of any language period of giving the plaintiff and opportunity to cure a violation it there was one

The defendant failure to give the plaintiffs an opportunity to cure the violation prohibited there cancellation and or suspension of the plaintiffs membership and revocation of their stays.e

At the same time defendants set a note on the plaintiffs door alleging the  violation of the membership agreement they terminated the plaintiffs ability to use the membership and locked plaintiffs out of their membership accounts

Under Florida law, client's written notice to attorney of alleged breach of retainer agreement based on attorney's actions and inactions relating to defense of validity of patents in client's underlying patent infringement action did not comply with agreement, requiring client to deliver notice to attorney and provide 30-day opportunity to cure any breach of agreement, since attorney was deprived of opportunity to cure...
...  **See Morris v. Knox Corp., 153 Fla. 130, 13 So.2d 914, 915 (1943) (explaining that a plaintiff must comply with a contractual obligation to provide written notice of breach and opportunity to cure before defendant's breach becomes actionable);  Saunders Leasing Sys., Inc. v. Gulf Cent. Distrib**....

Defendants were experts in the membership program and handled thousands of customers everyday and were required to know all the rules governing them. Defendants knew or should have known that if there were an alleged violation what proper notice or process was to be given the buyer of the membership agreement

Defendants knew or should have known if there was an alleged violation that they were required to give the plaintiffs notice of the alleged violation and an opportunity to cure the same i
Defendants negligently failed to give plaintiffs the proper notice and failed to give them an opportunity to cure the alleged membership violation as florida law requires

Defendants knew or should have known that without an notice and opportunity to cure an alleged violation of the membership agreement  that they were in violation of florida law when they took actions against the plaintiffs  for an  alleged violation of the membership  agreement

As a direct and proximate result of the defendants actions and omissions described herein above the plaintiffs were locked out of their membership accounts and have not been able to use them to date

wHEREFORE plaintiffs seeks judgment that defendants negligently  issued  plaintiffs violation notices
   a.   not in compliance with florida law
   b.   did not contain any opportunity to cure an alleged violation
   c.   Were not actionable because they did not give plaintiffs an opportunity to cure any alleged violation of the membership agreement

Wherefore plaintiff seeks judgment that defendants negligently issued  plaintiffs violation of agreement notices  that were not  in compliance with  florida law.s

Plaintiffs seeks judgment defendant negligently suspended the plaintiffs membership pursuant to the defective violation of agreements notices because they did not give plaintiffs an opportunity to cure any alleged violation of the agreement prior to their membership agreement benefits suspension

Wherefore plaintiff seeks compensatory and punitive damages in the amount of $25000.

count            **NEGLIGENT MISREPRESENTATION OF MEMBERSHIP AGREEMENT**

## THE MEMBERSHIP AGREEMENT DOES NOT DICTATE WHAT RV A THOUSAND TRAILS MEMBER

Plaintiff incorporates the entire complaint contents herein above.

Defendants are experts in the thousand trails membership agreement that they sell to the public.
Defendants are required to know about the membership agreement that they sale to the public
Defendants in their dispute with the plaintiffs have repeated claimed that the membership agreement has language that regulates what rv members use when they use they membership agreement

Defendants negligently misrepresented facts that the membership agreement does not allow two thousand trails membership holders  with two  separate memberships to use the same rv  at two  different times

Defendants negligently misrepresent that the thousand trails membership agreement dictates which rv the thousand trails member can utilize when they use their membership.

Defendants negligently misrepresent that the thousand trails membership agreement prohibits the plaintiffs from renting the same rv to use their membership agreements at any preserve at different times.

Defendants knew or should have known that the thousand trails membership does not regulate or dictates to thousand trails members what rv to use when they use their membership agreement at a preserve.

As a direct and proximate result of defendants negligent misrepresentation of the agreement the plaintiffs were told they were in violation of the thousand trails membership agreement because they rented the same rv at different times from the same owner.
As a direct and proximate result of the negligent misrepresentation of the membership agreement the defendants harassed the plaintiffs by sending police and telling them they were trespassers and tried to tow the rv on several occasions.

As a direct and proximate result of the negligent mispreestations of the thousand trails membership agreements the plaintiffs thousand trial membership agreement was suspended and canceled

As a direct and proximate result of defendant's negligent misrepresentations of the thousands trails membership agreement the plaintiffs have been foreclosed on enjoying the benefits of their separate membership agreements

As as direct and proximate result of the negligent misrepresentation fo the thousand trails membership agreement the plaintiffs have been humiliated by the false police reports and police presence in front of neighbors and onlookers

As a direct and proximate result of the defendant's negligent misrepresentation of the thousand trials membership agreement the plaintiffs were required to spend money and time on legal advice caused to miss work because the defendants were trying to tow the rv when she left.

Wherefore the plaintiffs seek an order declaring that the thousand trails membership agreements does not contain any language that dictates what rv thousand trails members can use when they use their membership at a preserve.

Wherefore the plaintiffs seeks judgment that the defendants negligently misrepresented the the thousand trails member agree moment when they told the plaintiffs that the thousand trails membership agreement prohibited them from using their two separate membership agreements  with the same rv at different times
Wherefore plaintiffs seeks compensatory damages and punitive damages in the amount of $75,000.00


**COUNT      DECLARATORY JUDGMENT**

Plaintiff reincorporated all pleadings and paragraphs above as if fully set forth here.

Plaintiffs prays that this court declares that
   a.  The thousand trails contract does not regulate or tell thousand members what RV that they can use when they use their thousand trails membership agreement at the park.
   b.  The thousand trails membership agreement does not state anywhere that two members with two separate membership agreements are prohibited from using

the same rv at different times when they use their thousand trails membership at
the thousand trails preserve.

c. That Ingrid Prince prepaid in full for use of the thousand trail rv parks including
   but not limited to Sunshine holiday rv resort.
d. That ingrid prince has a legal interest pursuant to thousand trails contract to use
   the thousand trails rv park
e. That the lock out of the thousand trails system is a breach of contract not
   detainer actioin

## INJUNCTIVE RELIEF

Plaintiff reincorporates and realizes each and every paragraph above herein as if fully
set forth herein.

The defendants have violated every law from the inception of the thousand trails
agreement that it sold plaintiffs

The defendant thousand Trails violated the deceptive trades act and the Florida
Administrative Code when they failed to tender a copy of the signed thousand trails
membership agreement to the plaintiffs at the time they purchased them

When the plaintiff complainant the defendants thousand trails and equity lifestyles
properties retaliated against the plaintiffs by issuing the plaintiffs a bogus violations of
membership agreement notice

It is irrefutable and indisputable that defendants notice of violation did not comply with
florida statutes and laws

If if further irrefutable and indisputable that defendants have misrepresented the
thousand trails membership agreement when they stated that the thousand trails
membership agreement dictated that two thousand trails members cannot utilize the
same rv when they use their membership agreement at the preserve

Now the defendants calling the police and tow truck to illegally tow the plaintiff rv out of
the park pursuant to these same acts that violate the florida laws and statutes before a
judge rules on this lawsuit that the plaintiffs have filed regarding these issues

There is a high likelihood that the plaintiffs will prevail on the issues of this lawsuit

Wherefore the plaintiffs pray that defendants be enjoined from the following actions pending the outcome of this case:

a. Harassing the plaintiffs
b. Calling the police to remove the plaintiffs for trespassing for any issues here in this complaint
c. From towing or removing the plaintiffs rv from the sunshine holiday rv resort without an order of the court
d. Destroying or removing plaintiffs property'
e. That defendants be required to honor thousand trails membership agreement
f. That defendants be required to unlock the plaintiffs account so that she can use account as agreed to access the parks
g. In the alternative pay upfront all plaintiffs damages of breach of contract including but not limited to paying out a alternate park for the plaintiff to use at the rate from present until expiration of agreement
h. And what other and further relief this court deems just and fair.

1. On or about September 3, 2021 by a written Thousand Trails Membership Contract executed between plaintiff and defendant Thousand Trails leased to plaintiff, for the term and rental specified in the lease, certain real property consisting of _all of their RV Parks located in the SouthEast Region and more particularly described as _____[legal description]. A copy of this Thousand Trails Membership Contract is attached as Exhibit A to this complaint and incorporated.

2. In this membership agreement defend covenant with plaintiff that plaintiff would peaceably and quietly enjoy and occupy the premises for the lemembersase term.

3. Under the membership agreement plaintiff entered into possession of the premises at the commencement of the term. Plaintiff has duly kept and performed all conditions and covenants of the lease required of plaintiff.

4. In violation of this covenant, defendant has interfered with and prevented plaintiff's peaceable and quiet enjoyment and occupancy of the premises by calling the police requesting them to remove the plaintiffs because they because two thousand trails memes could not rent the same rv, attempting to tow the rv while the plaintiff prince was inside, misrepresenting the thousand trails written agreement asserting that the thousand trails agreement required Prince and Kimbrough could not rent from the rv from the same owner HOMES FOR VETERANS *wrongfully cutting off and remaining plaintiffs locks and turning off utilities on several occasion*

*Causing the plaintiff to not be able to attend employment due to fear of the rv being gone when plaintiffs return from work al with out plaintiff consent or as the case m*

5. By these acts of defendant, plaintiff has suffered great damage, inconvenience, and loss, namely _____[specify special damages] all to plaintiff's damage in the amount of $100,000..

6. Plaintiff has no adequate remedy at law because defendant refuses to cease these acts and has not completed the intended alterations.

Wherefore plaintiff:

(a) Respectfully prays that this court issue an injunction temporarily and permanently enjoining the defendant from entering the premises without notice to plaintiff and plaintiff's consent.

(b) Demands judgment against the defendant for the sum of $_100.000 and costs of suit.

(c) Requests such other and further relief as the court deems proper.

## COUNT · TORTIOUS INTERFERENCE WITH BUSINESS CONTRACTUAL RELATIONSHIP

Plaintiffs Homes for Veterans at all times relevant hereto had contractual agreement with plaintiff Ingrid Prince to rent their RV for four years for the duration of her Membership Contract with Thousand Trails .

(2) the defendant knew about the contractual relationship with the plaintiffs ;

3) the defendant intentionally and unjustly interfered with or otherwise disrupted the business relationship

   a. By intentionally breaching plaintiffs their thousand trails membership agreement and locked them out of the thousand trails membership platform account in which they made current and future reservation to park the
   b. Intentionally used self help to attempt to tow the rv from the park on several occasions with plaintiff Prince inside during valid time in which plaintiff paid for pursuant to the terms of the membership agreement
   c. Caused plaintiffs Prince to miss work due to fear that they were going to tow the rv from the part after they prepaid for the use of the park all the way thru September 3, 2022

(4)  As a direct and proximate result of tortious interference with Homes for Veteran tenant Ingrid Prince plaintiffs have lost rental income in the amount of $2000 per month  since november 2021.

5.  The plaintiffs HOmes 4 Veterans stand to lose $96.000.-00 in future rents based on the tortious interference by defendants thousand trails and sunshine holiday rv resort

Wherefore plaintiffs seeks judgment in the amount of all rents lost as a direct and proximate result of

## GOOD FAITH AND FAIR DEALING  VIOLATION -   THOUSAND TRAILS SUNSHINE HOLIDAYS

Plaintiff reavers, re adopts and realleges the allegations contained in Paragraphs 1 through  29  of this Complaint , and is a third cause of action would further allege:

[The Thousand trails  and sunshine holiday material misrepresentations are discussed in greater detail in the Prince plaintiffs claims herein above and incorporated into this claim by reference.

The plaintiff states that it is an established contract principle that a party's good faith and fair dealing is an implied condition precedent to performance of a contract.

The plaintiffs further state that, where good faith and fair dealing does not occur, the recalcitrant party is stopped from availing itself of its own wrongdoing.
Wherefore plaintiffs seek judgment in the amount of $50000 cost and fees

### NOTICE OF INTENT TO FILE DEFAMATION SLANDER CHARGES

Plaintiff realleges and incorporates all pleadings herein above.

The plaintiffs entered into a bona fide legal contract with thousand trails to use their parks unlimited in intervals

The plaintiff paid thousand trails in full for the entire year from september 3, 2021 through september 3, 2022.

The defendants refused to give Prince a copy of the thousand trails membership contract after it was endorsed online

The sale was over the phone and it was eendores on line

The plaintiffs complained that they would not tender a copy of the contract

The sunshine holiday responded by putting a false violation on the plaintiffs rv

Sunshine holiday and thousand trails began locking the plaintiff out of the system to prevent them from using the rv parks they prepaid for

The sunshine holiday now files a fraud and defamatory claim of unlawful detainer knowing full well that they have been prepaid and the plaintiff and aright to use the rv parks and

Filing a detainer action against the plaintiffs who have paid in full is defaming the plaintiffs good name and is filed in public records for any one to see when the plaintiff look for housing
Plaintiffs prays for damages in teh amount of 100,000 and punitive damages
For 100,000;

 Plaintiff demands a trial by jury for all issues so triable.


Respectfully submitted
Homes 4 Veterans
/s/Ingrid Prince
P o box 192344
Miami beach fl 33119
754 332 8967